ROTH TOOL COMPANY, Appellant, v. CHAMP SPRING COMPANY, Respondent.

St. Louis Court of Appeals, December 13, 1904.

**PLEADING: Third Petition Bad.** The terms of section 623, Revised Statutes of 1899, providing that when a third pleading shall be adjudged insufficient, the party filing such pleading shall pay treble costs and shall not be allowed to plead further, applies only when such pleadings have been held insufficient on demurrer or motion to strike out. Where one of three successive, defective petitions was held insufficient on motion to make more definite, it was error to apply the penalties of that section to plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Ed. L. Gottschalk* for appellant.

*R. M. Nichols* for respondent.

GOODE, J.—In this case portions of a third amended petition filed by the appellant were stricken out on motion of the respondent in the court below and, on a subsequent motion, the court assessed treble costs against the appellant and dismissed its cause, for the reason that three petitions had been filed by it which had been ruled defective on motions of the respondent and no other petition could be filed. An exception was saved to those rulings, and we think seasonably saved by a proper bill of exceptions, though that point is disputed by the respondent.

To determine whether the dismissal of the cause and the assessment of treble costs was correct, we must recur to the previous proceedings. The original petition was attacked by a motion to make its allegations more definite and certain in these particulars, to-wit: failing to state whether a lease given by the respondent to three individual lessees had been assigned in writing by said lessees to the appellant corporation, in not stating the length of the term of said lease, nor the consideration for it, and in not making it appear there was a lease between the respondent and the appellant by which the respondent covenanted to lease to the appellant the premises described in the petition, and to furnish appellant steam. The motion for a more definite petition was sustained as to the first and second grounds and overruled as to the third. Afterwards the appellant company filed an amended petition and the respondent filed a motion to strike out certain parts of it as irrelevant and immaterial. This motion was sustained. Appellant then filed another amended petition, the present one, and a motion to strike out certan parts was filed and sustained. It will be observed that while three petitions were adjudged insufficient on motion

of the respondent, one of those motions was directed to the uncertainty of the averments of the petition and asked that they be made definite; not that any of the allegations be struck out. Only two petitions were attacked by motion to strike out and none by demurrer. The sections of the Code bearing on this matter are 621, 622 and 623, R. S. 1899. The first of those sections provides in substance that when a petition, answer or reply is adjudged insufficient in whole or in part, on demurrer, or the whole or some part thereof is stricken out on motion, the party may file a further pleading within such time as the court shall direct. The next section provides that if the amended pleading be adjudged insufficient in like manner, or the whole or some part of it in like manner be stricken out, the party pleading shall pay double costs and file another pleading instantly. The next section provides that if a third pleading is adjudged insufficient as above, or the whole or some part thereof be stricken out, the party in default shall pay treble costs and no further pleading shall be filed, but judgment shall be rendered. The statutes contemplate this peremptory action only when the successive pleadings have been attacked successfully by demurrer or motion to strike out. This looks like a strained ruling and one might think the purpose of the statutes was to put an end to insufficient pleadings when they have been adjudged insufficient on any kind of attack. But the question came up and was decided by the Supreme Court in Spurlock v. Railroad, 93 Mo. 13 and 530. Demurrers to two petitions were sustained in that case while one was held insufficient on an objection to the admission of evidence. When the third one was pronounced bad, the circuit court refused to permit an amendment and rendered judgment against the plaintiff. The decision was that the statute was penal in its nature and should be strictly construed, and a party could not avail himself of its benefits unless he brought himself strictly within its

provisions by showing that three petitions had been adjudged insufficient on demurrer or motion to strike out. What emphasizes the ruling is that one of the judges of the court dissented, holding the spirit and intent of the statute should be attended to rather than its language. The ruling was reiterated on the second appeal and appears to be decisive of the point in dispute here, inasmuch as it was held that the statute authorizing judgment for three defective pleadings, takes effect only when the pleadings have been found defective on demurrer or motion to strike out and in no other instance. See, too, Corrigan & Waters v. Brady, 38 Mo. App. loc. cit. 659; State ex rel. v. Pohlman, 60 Mo. App. 444; Wilkinson v. Goodin, 71 Mo. App. loc. cit. 399.

We deem it unnecessary to investigate the other propositions raised by appellant's counsel, as all faults in the petition can be removed before trial by amendment.

The judgment is reversed and the cause remanded. All concur.