## SIDWAY, Appellant, v. MISSOURI LAND & LIVE STOCK COMPANY, Limited.

### Division Two, June 19, 1906.

1. **PLEADING: Fourth Amended Petition: Dismissal of Cause: Treble Costs.** Plaintiff filed his petition in 1895, and his first amended petition voluntarily in 1896. That petition was adjudged not sufficiently specific, and plaintiff filed his second amended petition, and again a motion to make more specific and to strike out was filed, but overruled, and defendant answered, and from judgment for plaintiff appealed, and on appeal the second amended petition was adjudged insufficient and it was held that the overruling of the motion to strike out was erroneous. The cause was remanded, and plaintiff filed his third amended petition, and to that defendant demurred, and the demurrer was sustained. Thereupon plaintiff filed his fourth amended petition, and defendant's motion to strike it out being overruled, defendant answered, and the trial resulted in a judgment for plaintiff, from which defendant appealed, and this court held the fourth amended petition insufficient, and that the action of the court in overruling defendant's motion to strike out was erroneous, and remanded the cause. Thereupon, defendant filed a motion to dismiss said cause, and for treble costs. *Held,* first, that the statute (sec. 623, R. S. 1899), which provides that "if a third petition, answer or reply shall be adjudged insufficient, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition shall be filed, but judgment shall be rendered," applies to such case, and the court properly sustained the motion; *second,* the statute does not contemplate only pleadings adjudged insufficient in the trial court, but contemplates the second and fourth amended petition adjudged insufficient by this court.

2. ——: ——: ——: ——: **What Costs are Trebled: Retaxing.** Where the judgment from which the appeal is taken is that plaintiff's petition be dismissed because three prior petitions had been adjudged insufficient, and that "defendant recover of plaintiff treble his costs in this behalf expended," no attempt being made to recite what costs are trebled, the appellate court will not undertake to settle what costs are trebled, because that question is not properly before it. Plaintiff's course, in such case, is to file his motion to retax costs in the trial court, if some costs are trebled that the statute does not contemplate shall be trebled, and on the overruling of that motion to appeal.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*John T. Sturgis* and *C. H. Skinker* for appellant.

(1) All the rulings of our courts are to the effect that the statute is penal and is to be strictly construed. Roth Tool Co. v. Champ Spring Co., 108 Mo. App. 618; Bennett v. Bank, 61 Mo. App. 302; Spurlock v. Railroad, 93 Mo. 16; Spurlock v. Railroad, 93 Mo. 536; Barton Bros. v. Martin, 54 Mo. App. 137. The statute in question, section 623, provides that if a third petition is adjudged insufficient on demurrer or the whole or some part is stricken out on motion, then no further petition can be filed, etc. This clearly refers to the practice and proceeding in the trial courts. The demurrers or motions must be actually sustained in that court and the record must so show. (2) It will not do to say that, while the motions to strike out were not sustained by the trial court, yet the ruling of the Supreme Court that it ought to have done so is equivalent to such action. Equivalents do not count under this penal statute. Spurlock v. Railroad, 93 Mo. 13; Roth Tool Co. v. Champ Spring Co., 108 Mo. App. 618; State ex rel. v. Pohlman, 60 Mo. App. 444; Barton Bros. v. Martin, 54 Mo. App. 137. (3) We think it will

be conceded, as it was in the trial court, that the sustaining of a motion to make a petition more specific and definite is not within the inhibition of sec. 623, Revised Statutes 1899. And so it was ruled in Roth Tool Co. v. Champ Spring Co., 108 Mo. App. 618. (4) That the so-called motions to strike out, ruled on by this court on the former appeals, are in fact and in effect motions to make the petition definite, is conclusively shown by this court holding that such motions were not waived by answering and going to trial. Motions to strike out are so waived. Sommers v. Railroad, 108 Mo. App. 322; Roth Tool Co. v. Champ Spring Co., 108 Mo. App. 618. (5) Under the judgment as first rendered the cause was dismissed and "that defendant have and recover of and from plaintiff and his surety treble its costs incurred in this cause." The statute is that the erring pleader shall pay treble costs. The court modified the judgment so as to have defendant recover single costs up to the time the petition was held bad on demurrer, which constituted the offense prescribed by the previous section, 622, which made the defendant then liable to double costs under the trial court's construction of the statute. This modification was made on the theory that the defendant on the sustaining of the demurrer might have asked and received double costs under section 622, but as he failed to so ask, he should have single costs only up to that time. Now it is evident that if the court had awarded single costs against plaintiff for his first offense in bad pleading, as provided in section 621, and double costs for the second offense, under section 622, and treble costs under section 623, this might lead to trebling the costs already doubled and so make plaintiff pay six times part of the costs. To obviate this difficulty the trial court held that the costs should be divided into three periods corresponding to the three judgments as to bad pleadings, the first of which would be single costs, the second double costs and the third triple costs. This might also

obviate the difficulty which would arise in case the offending party should pay at the time the same was adjudged against him the single or double costs, and thus extinguish the same, leaving nothing on which the triple cost judgment could operate except the costs accruing between the second and third offense. But the difficulty is not relieved yet. Our statutes fix the fees due court officers, jurors, witnesses, etc. Each party is primarily liable for his own costs and fee bills shall be issued if required by the party entitled to fees. R. S. 1899, sec. 3236.

*George Hubbert* for respondent.

(1)   The statute is mandatory, and the circuit court had no alternative but to enter the judgment, as it did, for treble costs and for a final disposition of the case, rejecting the proffered fifth amended petition as not receivable under the law. Beardslee v. Morgner, 73 Mo. 22. And even if the record did not affirmatively show that the status of the case upon the facts called for such exercise of the power of the circuit court, it would be presumed here that the judgment below was correctly entered. State ex rel. v. Pohlman, 60 Mo. App. 444; Tapana v. Shaffray, 97 Mo. App. 345. In the absence of any showing of any express adjudication that any given petition, to which demurrer or motion to strike out had been filed by way of attack, was bad, the tender by the party at fault of a later amendment would be regarded as a practical concession of the pending motion or demurrer, and the legal consequences must follow accordingly. McCullom v. Lucas, 29 Mo. 451. But the record here leaves no occasion for implications, nor any excuse for evasion of the statute, which has repeatedly and uniformly been upheld without hesitation, and even extended to a statutory contest relating to a will. Gordon v. Burris, 125 Mo. 39.
(2)   There is no reasonable ground for the contention

that a formal ruling by the circuit court was necessary, or even proper, as to a motion to strike out a petition after this court had, upon appeal, passed on the questions raised by such motion, adversely to the petition, and remanded the case. This court has well held that the circuit court would be acting in excess of its jurisdiction if it assumed to take up a matter anew and rule an expression of its own judgment upon a point, after the decision of this court upon the same point on appeal in the same case. That court could properly only recognize the force of the adjudication here by this court; and whether such recognition were express, or implied by giving full effect to the adjudication, matters not. State ex rel. v. Spencer, 166 Mo. 274. The decision in this appellate forum that any petition in the case was strikable or demurrable, under issue joined as to such question, was an adjudication not to be mooted anywhere in the same case again. Bealy v. Smith, 158 Mo. 222; Gordon v. Burris, 153 Mo. 227; Chapman v. Railroad, 146 Mo. 494; Taussig v. Railroad, 186 Mo. 281; Overall v. Ellis, 38 Mo. 209; Stone v. Travelers Co., 78 Mo. 655; Underwood v. Bishop 67 Mo. 374; Young v. Glascock, 79 Mo. 575; Becker v. Becker, 50 Iowa 365; Albright v. McGinnis, 4 Yeates (Pa.) 517; Benzinger v. Tp. Board, 135 Pa. St. 176; Brooks v. Brooks, 16 S. C. 621; Pringle v. Sizer, 3 S. C. 335; Paul v. Luttrell, 1 Col. 491; Wood v. Bacon, 35 Conn. 97; Judson v. Gray, 17 How. Pr. (N. Y.) 289; Gerard v. Gateau, 15 Ill. App. 520; Foster v. Jordon, 54 Miss. 509; Horton v. State, 63 Neb. 34.

FOX, J.—This cause is now again before this court upon appeal for the third time. This time it is brought here by the plaintiff who appeals from a judgment of the Polk Circuit Court dismissing his cause and entering a judgment against him for the recovery of certain costs. The judgment in this cause is predicated upon the following motion filed in the cir-

cuit court of Polk county. Omitting formal parts, it is as follows:

"The above-named defendant comes now and moves the court to render judgment therein for the defendant as follows:

"1. For judgment against the plaintiff upon the pleadings herein.

"2. For triple costs against the plaintiff herein.

"And the defendant shows to the court, as reasons and grounds for such judgment, that the plaintiff has filed at least three petitions herein which have each and all of them been adjudged insufficient on demurrer and stricken out on motion, so that no further petition could lawfully be filed herein thereafter, and the statute provides for such entry in the defendant's behalf."

The judgment sustaining said motion was in the following form: "Now on this day the motion of the defendant for judgment and treble costs coming on to be heard, and both parties appearing and submitting argument thereon, and the court inspecting the record herein, and the said motion being seen and fully understood, and the court finding that of the several petitions filed by the plaintiff herein, a third has been adjudged insufficient, that one of them was adjudged bad on demurrer in this court, and two of them adjudged by the Supreme Court on appeal to be insufficient when attacked by motion to strike out, the court doth therefore adjudge that plaintiff shall not further prosecute this action, but that defendant have and recover of and from plaintiff and his surety, H. C. McCracken, treble its costs incurred in this cause, and go hence without day, and that the execution issue accordingly against plaintiff, and that plaintiff's fifth amended petition, as heretofore tendered and offered to be filed in this case, be denied and rejected."

It is unnecessary for the purposes of determining the legal propositions to incumber this opinion with copies of the amended petitions filed in this cause or

to reproduce the motions and demurrers challenging the sufficiency of such petitions; but it will suffice to indicate briefly the record entries showing the number of amended petitions filed and the action of the trial and appellate courts upon them.

The record in this cause discloses in respect to the action of the trial court upon the motion to dismiss the cause, on the 8th day of August, 1905, at the August term of the Polk Circuit Court, the above-entitled cause coming on for hearing, the following proceedings were had therein, viz:

There came on for hearing in said cause the motion of the defendant for judgment of dismissal and for triple costs against the plaintiff, which said motion was filed at the previous term of said court, to-wit, on the 26th day of April, 1905, at the April term, 1905. On the hearing of said motion the court had before it all the pleadings and files, motions, demurrers, etc., filed in the case, as well as the judgments and orders and record entries made and entered by the circuit court of Newton county, the circuit court of Polk county and by the Supreme Court of Missouri, showing among other things:

1.    That this case was commenced in the circuit court of Newton county on March 3, 1895, by plaintiff filing his petition therein.

2.    That plaintiff filed his first amended petition in said court voluntarily on May 28th, 1896, at the May term of said court.

3.    That defendant at said term filed its motion to make the amended petition more specific and definite, which motion the court sustained on June 6, 1896.

4.    That plaintiff filed his second amended petition in said court on September 14, 1896.

5.    That defendant at the November tem of said court filed his motion to strike out said second amended petition, which motion said court at said term on December 9, 1896, overruled, defendant excepting. That

defendant then filed its answer, trial was had resulting in judgment for plaintiff and appeal by defendant to the Supreme Court.

6. Judgment was rendered in the Supreme Court June 11, 1901, reversing and remanding the case, reported in 163 Mo. 342, and mandate and judgment of the Supreme Court was filed in the Newton Circuit Court, which opinion is made part thereof.

7. Plaintiff voluntarily filed in the circuit court of Polk county (to which case was taken on change of venue) his third amended petition on April 21, 1902, at the April term of said court, as shown by the following record entry: "Comes now the plaintiff and by consent of court files herein his amended petition."

8. The defendant at said term filed its demurrer and amended demurrer to the third petition, which the court sustained, by its order of record in due form entered, on May 28, 1902.

9. On the same day and term the plaintiff filed his fourth amended petition in said court, the record entry being as follows: "Comes now plaintiff and by leave of court files his amended petition herein." [This is the petition on which the second trial and appeal was had and is printed in the abstract of record on said appeal.]

10. On the same day and term the defendant filed in said court its motion to strike out the said fourth amended petition, which motion the court then and there overruled, defendant excepting.

11. Defendant then filed answer and trial was had at said April term, 1902, of said court, resulting in a judgment for plaintiff and appeal by defendant to the Supreme Court.

12. Judgment was rendered in the Supreme Court on March 30, 1905, reversing and remanding said cause, reported in 187 Mo. 649, and the mandate of the Supreme Court was filed in the circuit court of Polk county.

Pending the motion heretofore fully set forth for judgment on the pleadings and for treble costs against plaintiff, the plaintiff had in vacation of said court, to-wit, on the 7th day of August, 1905, filed and deposited with the clerk of said Polk Circuit Court his fifth amended petition and at and prior to the hearing of said motion tendered and asked leave of the court to be allowed to file said fifth amended petition in open court. The court having duly considered the matter did on the 8th day of August 1905, at said August term, 1905, sustain said motion, and entered its judgment dismissing said cause, for treble costs against the plaintiff and rejected plaintiff's offered fifth amended petition. Plaintiff at the same term of court filed his motion to set aside the order and judgment dismissing the cause and refusing to permit plaintiff to further prosecute the same upon the amended petition tendered, and also to modify the judgment and order of the court. This motion, omitting formal parts, was as follows:

"In the Circuit Court of Polk County, Missouri, August Term, 1905.

"Now on this day comes the plaintiff and moves this court to set aside its order dismissing this case and refusing to permit plaintiff to prosecute the same on his amended petition offered and adjudging him to pay treble costs of the case, and to reinstate this cause on the docket; and also to modify said judgment and order and to designate what costs are to be trebled and restrict said order and judgment for treble costs to cover, if any at all, only the costs made and accrued to defendant since the third amended petition was adjudged insufficient and bad on demurrer in this court; and, as causes why this motion should be granted, plaintiff shows the court that three petitions have not been adjudged insufficient on demurrer or stricken out on motion as provided by statute, section 623, and the plaintiff is not liable for the penalties provided there-

in; that plaintiff should be allowed to file his amended petition herein and prosecute the cause thereon; that said order and judgment are without authority of law and should be wholly set aside; that said order and judgment for treble costs is also erroneous in requiring plaintiff to pay treble of all the costs in the case, whereas the costs prior to the 2nd amended petition being adjudged insufficient and stricken out on motion, if such action was taken, could only be doubled as provided by section 622, Revised Statutes 1899, and said order and judgment for treble costs is erroneous in not designating what costs are to be trebled and to whom the same are to be paid.''

The court proceeding to dispose of the motion, entered the following order: ''Now on this day the motion heretofore filed by plaintiff to modify and set aside the order and judgment rendered herein dismissing this cause and refusing to permit plaintiff to further prosecute the same upon his amended petition, and adjudging treble costs against the plaintiff, coming on to be heard, and the same being seen, heard and fully understood by the court, the same is sustained as to the costs which accrued prior to the sustaining of the demurrer in the circuit court, to-wit: As to all costs which accrued prior to the 28th day of May, 1902; and as to said costs accruing prior to said date, said judgment is modified and it is ordered and adjudged that said costs accruing prior to said date shall not be trebled but the same shall be taxed as single costs, and as to all other matters and things contained in said motion, the same is overruled.'' To which action of the court in overruling said motion in part as aforesaid the plaintiff then and there duly excepted and still excepts.

From the action of the court upon the motion filed by defendant, as well as the action of the court upon plaintiff's motion to set aside and modify the order and judgment of the court upon defendant's motion, and

the order and judgment entered in this cause, plaintiff prosecuted this appeal and the record is now before us for review.

OPINION.

The record in this cause discloses that this is the third time that this cause has been presented to this court for consideration. The result of the conclusions of this court upon the first appeal will be found in the 163 Mo. 342, and the action of this court upon the second appeal is reported in the 187 Mo. 649. The first and second appeals were from judgments against the defendant upon the merits, and upon both of said appeals it will be noted that one of the vital and overshadowing questions involved was the sufficiency of the amended petitions upon which the cause was tried. The present appeal, which is the third one, is prosecuted by the plaintiff from a judgment of the circuit court of Polk county dismissing the fourth amended petition of plaintiff and the refusal of the court to permit the filing of the fifth amended petition.

Upon the part of the appellant in this cause there are two contentions insisted upon:

FIRST: That the court erroneously dismissed the petition.

SECOND: That the judgment dismissing the petition and for treble costs is erroneous.

I. The order and judgment in this proceeding from which plaintiff appeals is predicated upon section 623, Revised Statutes 1899, which provides: "If a third petition, answer or reply be filed and adjudged insufficient as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition, answer or reply shall be filed, but judgment shall be rendered."

The record, which is fully set out in the statement of this cause, shows that the first amended petition was

197 Sup.—24

filed by the plaintiff on May 28, 1896. This petition was held by the court, upon motion of the defendant, not to be sufficiently specific and definite and the motion of the defendant to make it more specific and definite was sustained, and plaintiff on September 14, 1896, filed his second amended petition. The defendant filed its motion to strike out said second amended petition, upon the ground that said amended petition did not conform to the order of the circuit court requiring the plaintiff to make the petition more specific and definite, and this motion on December 9, 1896, was overruled, defendant duly preserving its exceptions to the action of the court. An answer was filed and a trial had, resulting in a judgment for the plaintiff and an appeal by the defendant to the Supreme Court.

This court upon the appeal expressly held that the action of the trial court and the overruling of defendant's motion to strike out was erroneous, and that the petition was insufficient, and reversed and remanded the cause. Upon said cause being reversed and remanded the plaintiff filed his third amended petition. To this petition there was a demurrer filed and sustained by the trial court. Upon the sustaining of the demurrer by the trial court to the third amended petition plaintiff filed his fourth amended petition. Defendant filed its motion to strike out the fourth amended petition as filed by the plaintiff. This motion was by the trial court overruled, to which action of the court proper and timely objections were made and exceptions duly preserved. Defendant then filed answer and another trial was had of said cause at the April term, 1902, of said court, resulting in a judgment for plaintiff, from which judgment the defendant again appealed to this court. Upon this appeal this court again adjudged the fourth amended petition insufficient, and held the action of the court in overruling defendant's motion to strike out erroneous, and the cause was again reversed and remanded. Upon said cause being re-

manded defendant filed its motion to dismiss said cause and for costs as provided by section 623, supra.

It is apparent that the sole question with which we are confronted in this cause is as to whether or not the third amended petition filed by the plaintiff has been adjudged insufficient within the purview of the provisions of section 623, supra, and if so, does that warrant the trial court in entering the order and judgment which appear in the record of this cause?

Appellant insists that the adjudgment of insufficiency of the petition, contemplated by section 623, supra, must be in the trial court, hence it is contended that the second and fourth amended petitions which were expressly held insufficient by this court, first in the 163 Mo. 342, and second in the 187 Mo. 649, do not bring this case within the provisions of section 623, which substantially provides that "if a third petition . . . shall be adjudged insufficient, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition shall be filed, but judgment shall be rendered."

We are unable to agree with learned counsel for appellant upon their interpretation of this statute. This statute treats of insufficient pleadings and the purpose of the enactment was to prevent the prolonging of useless and fruitless litigation. The law-makers doubtless thought that sometime should be fixed in which efforts to litigate should cease, and they therefore provided that, when a third petition was filed and adjudged insufficient, it was the duty of the court to end such efforts at litigation, and render judgment providing that the party filing such petition should pay treble costs, and prohibiting the filing of any further petitions. By express provision of the statute words and phrases "shall be taken in their plain, ordinary and usual sense." [R. S. 1899, sec. 4160.]

The law-makers in dealing with insufficient plead-

ings did not surround the subject with any particular conditions, such as that the insufficiency of the pleading should be adjudged in any particular court, but it simply enacted the plain provisions that if the third petition, answer or reply be adjudged insufficient, the provisions of the statute could be properly invoked. It will not be seriously contended that this court, when this case as reported in the 163 Mo. and 187 Mo. was before it, did not have such jurisdiction of the cause as gave it full right, power and authority to determine the sufficiency of the pleadings in the cause. This court had the same power and authority to pass upon the sufficiency of the respective petitions filed in this cause as the trial court. The motions were filed in the trial court challenging the sufficiency of the petition and after having been overruled by that court were certified with other parts of the record to this court for the purpose of passing upon the sufficiency of such petitions, together with other complaints of error and announcing the conclusions reached. Upon both appeals in which the sufficiency of the second and fourth amended petitions filed by plaintiff was involved, this court expressly ruled that the petitions were insufficient and that the court should have sustained the motions as filed in the trial court by the defendant.

We are unable to escape the conclusion that the two amended petitions involved in the appeals to this court were adjudged insufficient, and fall with the provisions of section 623, supra. The action of the court in this case is in perfect harmony even with the strict rule announced in Spurlock v. Railroad, 93 Mo. 13, where it was held that this statute applies to cases only where a pleading is successfully adjudged insufficient on demurrer or motion to strike out, and not the cases where the party either voluntarily amends his pleading or where it is adjudged insufficient in some other manner.

It is clearly disclosed by the record in what manner

the various petitions in this cause were adjudged insufficient, and it certainly will not be seriously insisted upon, that a party in the lower court who challenges the correctness of a petition, by motion to strike out on demurrer, and such motion is overruled, and his motion and action of the court upon it is properly preserved in the record, and upon appeal to this court it is ruled that such petition is insufficient, and that the motion in the trial court should have been sustained, that the party had not successfully caused, by reason of such motion or demurrer to strike out, such pleading to be adjudged insufficient.

It was not essential in order to bring this case within the provisions of section 623 that the trial court should have, upon the remanding of this cause, made a formal entry sustaining the motion to strike out the amended petitions; the fact that upon the filing of the mandate of this court, together with a copy of the opinion in the trial court, the plaintiff filed such amended petition, was a full recognition by the plaintiff that his petitions were adjudged insufficient by a court which had the jurisdiction to pass upon the question of the sufficiency of his pleading.

Our attention has not been directed to any case decided by any of the appellate courts in this State in which the precise question involved in this proceeding has been adjudicated, nor are we able to find any adjudication in any of the foreign States interpreting a statute similar to ours; hence we are inclined to give that interpretation to this statute which is in harmony with the terms employed in it. In other words, the language used in section 623 should be held to mean what it says, and that if a party successfully follows his motion or demurrer challenging the correctness of a pleading through the various courts and finally succeeds in having the court of last resort announce in its conclusion the insufficiency of the pleading, and the error of the trial court in overruling such motion, such party

has the undoubted right to invoke the provisions of section 623, and move the court for the judgment provided by that section.

II. The insistence of appellant upon the second and only remaining proposition which is presented in this cause, is directed chiefly to the contention that the judgment as rendered embraces a class of fees and costs which are not contemplated under the provisions of section 623. Learned counsel for appellant very earnestly and ably presents the question as to the costs which are recoverable under the terms employed in the provisions of section 623. However, the unanimous opinion reached by this court is that that question is not now before us for consideration.

The judgment which we have herein reproduced is in strict accord with the provisions of the statute. It is by no means essential that such judgment should have embraced in it the itemized bill of costs which the defendant is entitled to recover under the provisions of the statute. The form of the judgment in this cause does not substantially vary from the ordinary judgment, in civil actions, where all that is required is that the judgment recite that "the defendant recover of and from the plaintiff his costs in this behalf expended." In a case like that the costs would be ordered taxed, and if any part of them are erroneously taxed the party has his day in court to move the retaxation of the costs and the action of the court upon such motion is reviewable by the proper appellate tribunal to which the appeal would go under the provisions of law. So it may be said in this case, that the only particular in which the form of the judgment would vary from that in the ordinary civil action, would be in the recital of the judgment that the defendant recover of and from the plaintiff treble costs. It is equally nonessential in this proceeding to embrace in the judgment the items of costs which are trebled, but the court simply taxes the costs, and if as in the ordinary judgment

for single costs, any class of costs or fees are taxed which are not contemplated by the provisions of section 623, the remedy is by motion to retax such costs, and the plaintiff has his day in court upon that question.

Plaintiff is in no position to complain of the modification of the judgment for the reason that such judgment was modified at his own request, and the record discloses that there was no objection or exception as to the modification of the judgment. The record before us recites that, upon the entry of the order and judgment upon plaintiff's motion to set aside the judgment and requesting a modification of it, plaintiff limited his objection and exception to the action of the court to that part of the motion which the court overruled. The exception as recited in the record does not embrace any exception to the action of the court in sustaining the motion in part and modifying the judgment as therein requested.

We see no necessity for pursuing this subject further. The costs as taxed in the judgment rendered in this cause are not properly embraced in the record before us. The recitation in the judgment that defendant recover of plaintiff treble costs, only embraces such costs as are recoverable and contemplated by section 623, and if any costs are taxed in this proceeding which do not fall within the provisions of that section, the plaintiff has a complete remedy by a motion to retax such costs, and if the ruling is adverse to him upon such motion he has a right to have such action of the court reviewed by the appellate court to which it would properly go upon appeal under the constitution and laws of this state. Upon that appeal the appellate court (and not until then) would properly have before it the question in proper form which appellant seeks to have this court determine upon this appeal, which does not embrace the proposition so ably presented by counsel for appellant.

If the trial court in this cause has improperly taxed costs which are not recoverable by the judgment under the provisions of section 623, upon the adverse ruling of the court upon a timely motion filed by the appellant in that court to retax such costs, there will be ample opportunity afforded appellant to present the question to the appellate court to which an appeal may be prosecuted, as to the class of costs or fees contemplated by section 623, and whether or not the costs as contemplated by that section has reference solely to the taxation of the sum of $5 as costs in favor of the adverse party as provided by section 614, Revised Statutes 1899. That question is not now before this court for review. The record does not properly embrace any action of the trial court upon the taxation of costs or upon any motion to retax the same.

With the views as herein indicated, it results that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.