Bank of Tupelo, Appellant, v. H. O. Stonum, Respondent.*

In the Springfield Court of Appeals. Opinion filed March 2, 1926.

**1.—Appeal and Error—Appellate Practice—Determining Sufficiency of Pleadings—Appellate Court Confined to Record of Circuit Court.** In determining whether three petitions had been adjudged wholly insufficient so as to entitle defendant to benefit of provisions of section 1252, Revised Statutes 1919, Court of Appeals is confined to an examination of the record of the circuit court.

**2.—Same—Same—Determining Sufficiency of Pleadings—Record of Circuit Court—Bill of Exceptions—Office of—Disregarding Statements in.** Court of Appeals being confined to examination record of circuit court in determining sufficiency of pleadings under section 1252, Revised Statutes 1919, statements appearing only in bill of exceptions must be disregarded, for the office of a bill of exceptions is to preserve what is not shown on the records of the court.

**3.—Pleading—Petition—Insufficiency—Voluntary Amendment—Not attacked by Demurrer or Motion—Not an Adjudication of Insufficiency.** A voluntary amendment of a petition by plaintiff when the petition has not been attacked by demurrer or motion is not an adjudication of insufficiency by the court.

**4.—Same—Same—Same—Three Petitions Adjudged Insufficient—What Necessary to Bring Plaintiff Within Statute.** In order to bring a party plaintiff within the purview of section 1252, Revised Statutes 1919, as to petitions being adjudged insufficient, the record must show that the petitions had been attacked by demurrer or motion and that the court had adjudged the petitions insufficient; such section being read together with the two preceding sections; hence a petition held bad upon an objection to introduction of testimony, or voluntarily amended without being attacked, cannot be considered as an adjudgment of insufficiency.

**5.—Same—Same—Same—Judgment Held Error.** Where third petition was held bad on demurrer, but first and second were voluntarily amended, judgment for adverse party under section 1252, Revised Statutes 1919, providing for judgment when third petition is adjudged insufficient, **held** error, in view of sections 1250 and 1251, that such judgment cannot be given unless all three petitions are adjudged insufficient.

**6.—Banks and Banking—Branch Bank—Suit to Recover Draft Brought in Name of Parent Bank—Held to State Cause of Action.** In action by parent bank to recover amount of draft taken at branch bank, petition failing to cite statutes of state in which banks were located, authorizing branch banks, **held** to state a cause of action; since section 11737, Revised Statutes 1919, prohibiting branch banks, does not prohibit such action, and justice requires that party be not permitted to deal with such branch bank, and refuse to return its property, and defend upon ground that it had gone beyond its powers in dealing with him; and further in view of sections 9791-9793, regarding foreign corporations, and construction thereof, permitting foreign corporation not licensed in this state to maintain suit for the recovery of its property or the value thereof, on theory that title did not pass from such corporation; hence such action can be maintained in this state unless statutes of the state of incorporation forbid it, and such statutes would be matter of defense.

**7.—Same—Branch Banks—Actions.** Where branch banks are permitted, suits growing out of branch bank are properly brought in name of parent bank.

**8.—Same—Same—Legality—Question Can be Raised Only by State.** The only party who can raise the question of the legality of the maintenance of a branch bank in this State is the State, by appropriate action attacking legality, under section 11737, Revised Statutes 1919.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 524, n. 97; p. 555, n. 41; p. 556, n. 42, 43; p. 557, n. 44. Banks and Banking, 7CJ, p. 596, n. 20; p. 754, n. 16. Pleadings, 31Cyc, p. 353, n. 54; p. 464, n. 13.

Appeal from the Circuit Court of Dunklin County.—Hon. W. S. C. Walker, Judge.

REVERSED AND REMANDED.

*W. G. Bray,* of Senath, for appellant.

The court erred in sustaining respondent's demurrer to the petition. Where the cause of action or defense rests on the laws of another State, the law must be pleaded or proved; but where the foreign law is not the basis of the action, but merely an evidential part thereof, it may be proved without being pleaded. Hazelett v. Woodruff, 150 Mo. 534; McDonald v. Bankers Life, 154 Mo. 618; Lillard v. Lierly, 202 S. W. 1059. In the case at bar the laws of the State of Mississippi, governing the incorporation of banks and establishment of branch banks, were pleaded directly in the petition, as well as the Amendment to the Charter of The Bank of Tupelo, giving it authority to establish a branch bank, which was directly pleaded as an exhibit to the petition. See Sec. 1258, R. S. 1919. The petition stated a cause of action sufficient to go to trial upon, and under which a valid judgment could have been rendered. VanGraafieland v. Wright, 228 S. W. 465; Titus v. Tolle, 223 S. W. 885.

*Hal H. McHaney* and *Hugh B. Pankey,* of Kennett, for respondent.

(1) Where three petitions in a cause have been adjudged wholly insufficient, no further petitions are permissible and a judgment upon the pleadings is proper. Sec. 1252, R. S. 1919; Bryan v. Louisville & N. R. Co., 292 Mo. 536, 238 S. W. 484. (2) Branch banks are invalid under the laws of Missouri. Sec. 11737, R. S. 1919; State v. National Bank, 249 S. W. 619, 263 U. S. 655; 68 L. E. 492, 44 Sup. Ct. 213. (3) Where the pleader expects to rely upon the law of another State such law must be both pleaded and proven, and in such case, if such State was not subject to the common law, the court will apply the statute laws of the forum. State v. Lierly, 202 S. W. 1058; State v. Anderson, 272 Mo. 350, 198 S. W. 517; Furlong v. German American Press Assn., 189 S. W. 385; Stakebake v. Union Pacific Ry. Co., 185 S. W. 1166; Rialto Co. v. Miner, 183 Mo. App. 119, 166 S. W. 629; McDonald v. Bankers Life Assn., 154 Mo. 618; Clark v. Barnes, 58 Mo. App. 671; Hazelett v. Woodruff, 15 Mo. 534; Banchor v. Gregory, 9 Mo. App. 102; 18 A. L. R. Ann. 1198. (4) An exhibit attached to a petition is no part of the petition and cannot be considered by the court in passing on the sufficiency of the petition. Miner v. Sever, 255 S. W. 578; Highland Inv. Co. v. K. C. Computing Scales Co., 209 S. W. 895; Johnson v. Crowley, 207 S. W. 235.

COX, P. J.—Plaintiff seeks to recover the amount of a draft of $315.50 which it is alleged was cashed by plaintiff for defendant, payment on which had been refused. What is alleged to be the third amended petition filed by plaintiff was held bad on demurrer and plaintiff put out of court on a motion by defendant for judgment under the provisions of section 1252, Revised Statutes 1919. Plaintiff appealed.

The only questions involved here are whether the court was right in sustaining the demurrer to plaintiff's third amended petition, and if right on that question, whether the provisions of section 1292, Revised Statutes 1919, were applicable to this case. The respondent contends that three successive petitions filed by plaintiff had been adjudged insufficient and hence the judgment discharging defendant and for costs was properly rendered. Appellant's abstract of the record proper is incomplete. The respondent has filed an additional abstract of the record which purports to set out all the record entries in relation to the filing of amended petitions and what was done under them. We assume that respondent's abstract of the record is correct. It is as follows:

"The original petition in this cause was filed in the office of the clerk of the circuit court of Dunklin county, Missouri, returnable to the June Term, 1924, of said court.

Afterwards, to-wit: on the 9th day of July, 1924, defendant filed his answer.

Afterwards, to-wit: on the 8th day of August, 1924, plaintiff filed its amended petition.

Afterwards, to-wit: on the 14th day of August, 1924, defendant refiled his answer.

Afterwards, to-wit: on the 15th day of August, 1924, this cause coming on to be heard, the plaintiff and defendant, by their respective attorneys, announced ready for trial, and this cause was submitted to a jury who had been duly summoned, selected, qualified, chosen and sworn to try this cause, and the trial proceeded upon the evidence adduced by the plaintiff and the defendant. After which the plaintiff requested the submission to be set aside and took leave to amend its petition, and the cause was continued.

Afterwards to-wit: on the 12th day of November, 1924, at the November Term of said court, plaintiff, by leave of court, filed its amended petition and said cause was set for hearing on January 9, 1925.

Afterwards, to-wit: on January 9, 1925, this cause coming on to be heard, the plaintiff and defendant, by their respective attorneys, announce ready for trial, and this cause was submitted to a jury who had been duly summoned, selected, qualified, chosen and sworn to try this cause, and the trial proceeded upon the evidence adduced by the plaintiff and the defendant. After which the plaintiff requested the submission to be set aside and took leave to file its third amended petition, and the cause was continued.

Afterwards, to-wit: during vacation the plaintiff filed its third amended petition.

Afterwards, to-wit: on the 4th day of February, 1925, during the regular February Term, 1925, defendant filed his answer.

Afterwards, to-wit: on the 12th day of February, 1925, and at the same term of court, the answer of defendant was withdrawn and defendant filed his demurrer herein.

Afterwards, to-wit: on the 16th day of February, 1925, at the same term of court, the demurrer filed herein was sustained as to both counts of the petition, and upon motion for a judgment in favor of the defendant the court being fully advised in the premises, sustained said motion, and it was considered and adjudged by the court that the plaintiff take nothing by its writ against the defendant and that the defendant go hence without delay and recover of the plaintiff his costs and charges in this behalf expended, and have execution therefor.''

The certified copy of the record filed in this court by the clerk of the circuit court of Dunklin county coincides with that printed in respondent's additional abstract. It nowhere appears in the rec-

ord proper that any petition except the last amended petition was adjudged insufficient on demurrer or adjudged insufficient at all. It affirmatively appears from the additional abstract of record filed by respondent that the original petition was filed prior to the beginning of the June Term, 1924. That an answer was filed July 9, 1924; an amended petition was filed August 8, 1924; the answer of defendant refiled August 14, 1924. On August 15, the cause proceeded to trial and the evidence for both plaintiff and defendant heard whereupon at plaintiff's request the submission was set aside and plaintiff granted leave to amend its petition. At the November Term, 1924, plaintiff filed an amended petition and the cause was set for trial on January 9, 1925. On that day, the case proceeded to trial and after the evidence for both plaintiff and defendant was in, the submission was again set aside at plaintiff's request and leave granted plaintiff to file a third amended petition. This amended petition was thereafter filed in vacation. At the February Term, 1925, and on February 4th, the defendant filed an answer. On February 12, 1925, this answer was withdrawn and a demurrer filed. On February 16, 1925, the demurrer was sustained. A motion for judgment was then filed by defendant and was sustained.

In appellant's abstract of the record there appears a statement in the bill of exceptions from which it might be inferred that three petitions had been adjudged bad on demurrer but the entries in the court record show differently. In determining whether three petitions had been adjudged wholly insufficient so as to entitle the defendant to the benefit of the provisions of section 1252, Revised Statutes 1919, we are confined to an examination of the record of the circuit court. Statements appearing only in the bill of exceptions must be disregarded for the office of a bill of exceptions is to preserve what is not shown on the records of the court. The record of the court shows that the petition was twice amended voluntarily by plaintiff without any attack having been made by defendant upon the petition amended. As far as the record shows, the only petition on which any attack was made by defendant was the last amended petition which was attacked by demurrer. No prior petition had been attacked by either demurrer or motion to strike or in any other form and there appears to be no record of any petition except the last amended petition having been adjudged insufficient by the court. All the petitions previously filed by the plaintiff had been voluntarily abandoned and amended petitions filed of its own volition. A voluntary amendment of a petition by plaintiff when the petition has not been attacked by demurrer or motion is not an adjudication of insufficiency by the court. In order to bring a party plaintiff within the purview of this statute, the record must show that the petitions had been attacked by demurrer or motion and that

the court had adjudged the petitions insufficient. [Spurlock v. Mo. Pac. Ry. Co., 93 Mo. 13, 5 S. W. 15; same case, 93 Mo. 530-537, 6 S. W. 349; Sidway v. Mo. Land & Live Stock Co., 197 Mo. 359, 94 S. W. 855; Barton Bros. v. Martin, 54 Mo. App. 134; Antonnelli v. Basile, 93 Mo. App. 138; Roth Tool Co. v. Champ Spring Co., 108 Mo. App. 618, 84 S. W. 183.]

Section 1252, Revised Statutes 1919, is as follows: "PROCEEDINGS IF THIRD PLEADING IS INSUFFICIENT: If a third petion, answer or reply be filed and adjudged insufficient *as above* or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs and no further petition, answer or reply shall be filed but judgment shall be entered." (italics are ours.) This section does not stand alone but the words "as above" used therein refer to the preceding section on the same subject. Looking to these we find that section 1250 provides that "when a petition, answer or reply shall be adjudged insufficient in whole or in part upon demurrer or the whole or some part thereof stricken out on motion, the party may file a further like pleading within such time as the court shall direct. . . . "Section 1251 provides that "if such second pleading, answer or reply be filed and in like manner be adjudged insufficient or the whole or some part thereof in like manner stricken out, the party filing such second pleading shall pay double costs and file a like pleading *instanter*. . . ."

The action provided for in section 1252 can only be warranted when at least three pleadings have been adjudged insufficient by the court on demurrer or motion, for so reads the statute. A petition held bad upon an objection to the introduction of testimony under it, or a petition which has been voluntarily amended without being attacked, cannot be considered. The record before us in this case shows that only one petition had been attached by demurrer and held bad. The court erred in refusing to permit plaintiff to plead further and in rendering judgment for defendant.

The petition charges that plaintiff is a corporation duly existing under and by virtue of the laws of Mississippi and that it is a parent bank of Fulton Bank, Fulton, Mississippi. That said Fulton Bank is duly organized under and by the authority of the laws of Mississippi as a branch of the Bank of Tupelo and that the Fulton Bank is owned and controlled by the parent bank of Tupelo. That defendant is a resident of Dunklin county, Missouri. It then sets out copies of several sections of some statute but by oversight or otherwise neglected to state that the statutes attempted to be pleaded were the laws of the State of Mississippi. Plaintiff for cause of action states that on April 7, 1923, defendant, by his agent and manager G. A. Hessey, drew a draft on defendant for $315.50 payable to the order of the Fulton Bank and payable at the Bank of Ken-

nett, Kennett, Missouri. That the Fulton Bank cashed the draft and paid to G. A. Hessey, the agent of defendant, the sum of $315.50. That the draft was presented to defendant by the Bank of Kennett, Missouri, and payment refused by defendant. The petition contains a second count based on the alleged fact that defendant had a checking account in the Fulton Bank of Fulton, Mississippi, and had overdrawn his account to the extent of $67.94 and asked judgment for that amount in that count.

Does this petition state a cause of action? We may note here that in those states where branch banks are permitted, suits growing out of the branch bank are properly brought in the name of the parent bank. No point is made on that question in this case but the petition is attacked on the ground that it shows upon its face that the Bank of Tupelo, Mississippi, operates the Bank of Fulton as a branch bank. That the transaction with defendant and his alleged agent took place at the branch bank and since banks in this State are not allowed to maintain branch banks, the maintenance of such bank by plaintiff was unlawful unless the statute of Mississippi authorized it. That these facts made it necessary for plaintiff to plead the statute of Mississippi which makes the maintenance of branch banks lawful, if there be such a statute, and that such statute is not properly pleaded, hence the court must proceed upon the theory that the statutes of Mississippi are the same as the statutes of this State. Then on that basis respondent contends that plaintiff is preceeding contrary to the law in maintaining a branch bank and as a result cannot maintain a suit in this State when its alleged cause of action accrued out of a transaction with a branch bank.

For the purposes of this opinion we shall concede that the statutes of Mississippi are not properly pleaded and if plaintiff must plead them in order to state a cause of action, the demurrer was properly sustained. Respondent's position means that if a bank in this State should open up a branch bank contrary to the provisions of the law and should, at such branch bank, cash a check drawn on some other bank or some person and the check should not be paid the bank could not collect back the amount of money paid by the branch bank, or if a depositor in the branch bank should overdraw his deposit, he could keep the money so obtained and the bank would be helpless because it could not maintain a suit for its recovery. To make such a monstrous imposition as that possible the statute should have so provided in language so clear that it could be given no other construction. Our statute does not so provide. Its provision merely is that "no bank shall maintain in this State a branch bank or receive deposits or pay checks except in its own banking house." [R. S. 1919, sec. 11737.] There is no penalty provided for a violation of these provisions nor does the statute make void contracts that might be

entered into by a bank through a branch bank. The bank then, should it maintain a branch bank, would be exceeding its corporate powers in doing so and might be proceeded against by the State for such a violation of the provisions of the law, but after the corporation has acted and has fully performed a contract upon its part, or has parted with the possession of money or property in good faith relying upon the integrity and honor of the other party in a transaction that is not *malum in se,* it would be a travesty upon justice to hold that the other party could refuse to return what he had received, and when sued defend upon the ground that the corporation had gone beyond its corporate powers in dealing with him. After the full consideration involved in a legitimate business transaction with a corporation has been fully paid by the corporation, the other party could not be allowed to retain what he has received and when sued for its recovery be permitted to defend upon the ground that the corporation had exceeded its corporate powers or had acted without legal authority to do the act by which the other party seeks to retain the money or property of the corporation without recompense.

The plaintiff in this case could be in no worse position than a foreign corporation doing business in this State without having first obtained a license authorizing it to do so. Our statute, sections 9791 and 9792 Revised Statutes 1919, provide how such a license may be obtained. Section 9793 of the same statute provides a penalty for a violation of the other sections and then adds: ''In addition to the penalty on and after the going into effect of said sections, no foreign corporation, as above defined which shall fail to comply with said sections, can maintain any suit or action, either legal or equitable in any of the courts of this State upon any demand whether arising out of the contract or tort. . . .'' Under the same provision in earlier statutes, Revised Statutes, 1899, section 1026, and Revised Statutes 1909, section 3040, the Supreme Court has held that by reason of such a corporation not being authorized to do business in this State, its contracts were void and as a result, if property should pass into the possession of a citizen of this State under a void contract with such a corporation, the title to said property would not pass form the corporation, and while a suit on the contract could not be maintained by the corporation in this State, a suit for the recovery of the property or its value could be maintained. [United Shoe Machinery Co. v. Ramlose, 231 Mo. 508, 531 et seq., 132 S. W. 1153.]

If we place the plaintiff in this case on the same footing as an unlicensed foreign corporation, and it certainly cannot be in a worse plight, than when plaintiff, through its branch bank at Fulton, Mississippi, passed $315.50 from its coffers into the possesion of defendant, the title to that money did not pass to defendant but it remained the property of plaintiff and if the same money were still in the pos-

session of defendant and could be identified, plaintiff could recover it in an action of replevin. Since identification of the specific bills or cash which passed from the possession of plaintiff to defendant is impossible, it can, on the authority of the case last cited, recover a money judgment for the same amount. [See, also, British-American Portland Cement Co. v. Citizens' Gas Co., 255 Mo. 1, 33, 164 S. W. 468.]

We are also of the opinion that since maintaining a branch bank is not *malum in se* and our statute which forbids it attaches no penalty and has no provision making the contracts of a branch bank void or forbidding a suit by the parent bank upon causes of action that may arise from business transactions conducted through the branch bank, that such transactions are not void and the fact that the transaction took place with the branch bank instead of the parent bank direct could not be used as a defense in the suit by the parent bank. The only party who can raise the question of the legality of the maintenance of the branch bank is the State in some form of action attacking the right of the bank to maintain a branch bank. As long as it is permitted to exist, it is the agent of the parent bank and its acts are binding both on the party dealing with it and the parent bank.

From what we have said it results that plaintiff's right of action did not rest upon the statutes of the State of Mississippi and can be maintained in this State under our statute unless the statutes of the State of Mississippi forbid such an action in that State. It was, therefore, not necessary for plaintiff to plead and prove the provisions of the statutes of that State. If there be a statute in the State of Mississippi that would prevent this action being maintained in that State, it is a matter of defense which, to be available, must be pleaded and proven by defendant. [McDonald v. Bankers Life Assn. of Des Moines, Ia. 154 Mo. 618, 55 S. W. 999.]

The judgment will be reversed and the cause remanded with direction to set aside the judgment dismissing plaintiff's cause of action and enter an order overruling the demurrer to plaintiff's petition and then permit the case to proceed.

*Bradley* and *Bailey, JJ.*, concur.