## ELLIOTT v. FIRST INLAND NAT. BANK OF PENDLETON, OR., et al.

### No. 194.

District Court, D. Oregon.

March 18, 1940.

George R. Lewis, of Pendleton, Or., for plaintiff.

John F. Kilkenny (of Raley, Kilkenny & Raley), of Pendleton, Or., and T. P. Gose, of Walla Walla, Wash., for defendants.

McCOLLOCH, District Judge.

From an early date, interest (after full payment of principal) has been allowed on approved claims of depositors against national banks in liquidation. By analogy to judgments in Federal courts, 28 U.S.C.A. § 811, the statutory rate in the State where the liquidation is conducted has been applied. National Bank of the Commonwealth v. Mechanics' National Bank, 94 U.S. 437, 24 L.Ed. 176. In the present case a series of "banking holidays" (October 17, 1932 to March 22, 1933), and the appointment of a conservator (March 22, 1933) under 12 U.S.C.A. § 203, preceded final liquidation by a Receiver, who was appointed February 1, 1934. Whether any interest should be allowed prior to the appointment of the Receiver is one of the main questions.

The rule seems to be, both by long administrative interpretation and judicial decision, that where a bank suspends and does not resume normal business, interest runs from the date of suspension. Richmond v. Irons, 121 U.S. 27, 64, 7 S.Ct. 788, 30 L.Ed. 864; Cronkleton v. Ebmeier, 8 Cir., 38 F.2d 748, 750.

Interest bearing deposits, time and savings, bearing the contract rate of 4%, and non-interest bearing demand deposits, are involved in the present case. The authorities support the proposition contended for by the Receiver—that interest on the time and savings deposits should be computed to the date of closing at the contract rate. American Nat. Bank of Arkansas City, Kan. et al. v. Williams, 8 Cir., 101 F. 943—thereafter the total should bear interest at the same rate (the local statutory rate on judgments) as the demand deposits. Ratability in distribution is thus attained. The question is solely one of interpretation of the National Banking Code. National Bank of the Commonwealth v. Mechanics' National Bank, supra; Bryant v. Linn County, opinion by Judge James Alger Fee, D. C., 1938, 27 F.Supp. 562; Giesy v. American National Bank of Portland, et al., decided by this court February 9, 1940, 31 F.Supp. 524.

Equity, unfettered, might arrive at a different result, in view of the greatly reduced interest rates of current times, but, as said, the question is controlled by stat-

ute and judicial interpretation of long standing.

Appropriate findings, conclusions and form of declaratory judgment may be submitted.