PARSONS v. BARRY et al.

No. 65140.

District Court of the United States for the District of Columbia.

June 15, 1944.

Kremer & Bingham and H. Donald Kistler, all of Washington, D. C., for plaintiff.

Wade H. Cooper, of Washington, D. C., for intervener.

LETTS, Justice.

There is before the court the motion of plaintiff for summary judgment and that of defendant Wade H. Cooper for like relief. These motions relate only to the issues raised by defendant Cooper in his substituted counterclaim.

The material facts are not in dispute. The United States Savings Bank, a West Virginia corporation organized in 1906 for the purpose of engaging in a banking business in the District of Columbia, conducted its business exclusively in the District from the time of its organization until it was closed by the President's Proclamation of March 6, 1933. Defendant Wade H. Cooper was the owner of 56% of its capital stock and for many years was its president and chief executive officer.

By unanimous resolution of the Board of Directors at a meeting presided over by defendant Cooper on February 28, 1933, withdrawal of deposits payable on demand were restricted. Thereafter the bank was closed by the Proclamation of March 6, 1933, a conservator was appointed by the Comptroller of the Currency on March 14, 1933, under 12 U.S.C.A. § 203, and a receiver on February 10, 1934, under 12 U.S.C.A. §§ 191, 192, the Comptroller in each instance acting pursuant to the provisions of Title 5, § 298 of the 1929 D.C.Code, § 26—101 of the 1940 D.C.Code.

It is disclosed by the books and records of the bank that during the four years immediately preceding the closing of the bank in 1933 the following annual dividend distributions were declared and paid quarterly to the stockholders: 40% in 1929; 30% in 1930; 30% in 1931; and 26½% in 1932.

At the time of the resolution of February 28, 1933, and of the closing of the bank on March 6, 1933, 3% interest was being paid on savings deposits and no interest on commercial or checking deposits.

Since the appointment of the receiver, dividends totaling 100% of the principal amount of the depositor and creditor claims have been paid as follows: 65% June 28, 1934; 15% October 22, 1935; 10% July 25, 1936; and 10% March 15, 1938. Claims totaling $45,264.19, which existed against the bank at suspension, remain unproved against the receiver, but may be proved at any time prior to the closing of the receivership. The sum of $204,724.56 (plus $5,680.20 on said unproven claims) is necessary to pay the full interest dividend of 6%

223

claimed by the plaintiff receiver to be due and owing to the depositors and creditors; and, to meet said claim, the receivership has on hand, as proceeds of the assets and collections on the stock assessment, only about $178,000 from which certain remaining administrative expenses must first be paid.

Defendant Cooper asks the court to find that the bank was solvent when closed; he asks that the decision of the Court of Appeals in United States Savings Bank v. Morgenthau, 66 App.D.C. 234, 85 F.2d 811, be vacated and set aside and that the judgment of this court entered upon the mandate of the Court of Appeals be vacated; he asks the court to find that the bank was arbitrarily and fraudulently liquidated; he asks that the remaining assets in the hands of the receiver be restored to the stockholders; he asks the court to prevent further dissipation and waste of the assets; he asks that the receiver be required to render an accounting; he asks the court to declare what rate of interest, if any, is due the creditors or the depositors.

To summarize the demands of defendant Cooper in his substituted counterclaim he asks the court to direct the distribution of the assets now in the hands of the receiver. It is his contention that the remaining assets, in whole or in major part, should be paid over to the stockholders and so deprive the depositors of interest on their claims.

The court finds that the substituted counterclaim of defendant Cooper is without merit. It will not be necessary to analyze in detail the various contentions which have been presented by the substituted counterclaim. In the argument, oral and written, the emphasis has been placed upon the following contentions: Defendant Cooper maintains that the business of the bank after February 28, 1929, was ultra vires and that the depositors and creditors should be denied interest from such date; he says that if any interest is allowable it should be limited to the contract rate, viz., 3% on time deposits and no interest on commercial or demand deposits; he says that no interest should in any event be paid for the period of the conservatorship.

In support of his contention that the business of the bank was ultra vires defendant Cooper cites § 3131, 1932 W.Va. Code (act of February 28, 1929), which provides as follows: "No banking institution chartered and authorized to engage in business under the laws of this State, shall hereafter install or maintain any branch bank, or engage in business at any place other than at its principal office in the State of West Virginia; or engage in any business other than as authorized in this article."

The statute quoted does not apply to a bank such as the United States Savings Bank, legally incorporated in West Virginia for the express purpose of conducting its banking business solely in the District of Columbia. The United States Savings Bank was not engaged "in business under the laws" of West Virginia. The bank was not subject to the supervision of the West Virginia Commissioner of Banking and was not required to make the usual reports required by West Virginia law. This seems clear from the West Virginia enactment of February 4, 1937, § 3224(3), 1937 W.Va.Code. The business of the bank conducted in the District of Columbia was subject to the supervision of the Comptroller of the Currency under the National Bank Act.

The contention that the business of the bank was ultra vires may not be raised collaterally but may be raised only by the State of West Virginia in a proper proceeding. Bank of Tupelo, Miss., v. Stonum, 220 Mo.App. 152, 281 S.W. 110. See also 50 A.L.R. 1359. American Surety Company of New York v. Moran, 64 App. D.C. 127, 75 F.2d 646; Thompson v. Park Savings Bank, 64 App.D.C. 308, 77 F.2d 955.

Defendant Cooper, a stockholder, director, and officer of the bank during and after 1929, may not be heard to say that the bank exceeded its corporate powers in continuing to transact its banking business. He is estopped to deny the corporate existence of the bank or the validity of its transactions. Benefits have inured to him during the entire period in question; as is evidenced by his receipt of dividends upon his stock for the years 1929, 1930, 1931 and 1932. To permit defendant Cooper to deny the validity of the bank's transactions would be to prefer him as a stockholder and officer over depositors whose deposits were invited by defendant Cooper and those associated with him in the management of the bank. See Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; American Surety Company of New York v. Moran, supra; Thompson v. Park Savings Bank, supra; Deitrick v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L. Ed. 694.

224

■■ When assets of an insolvent bank being liquidated under the Comptroller of the Currency are sufficient to pay more than 100% of the principal amount of depositors' claims, said depositors are entitled to interest on their claims from the date of suspension until paid, computed at the statutory or legal rate of the jurisdiction in which the liquidation is had. Elliott v. First Inland National Bank of Pendleton, D.C.Or., 32 F.Supp. 839; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. Interest on time and savings deposits should be computed to the date of closing at the contract rate. Cronkleton v. Ebmeier, 8 Cir., 38 F.2d 748; American National Bank of Arkansas City, Kansas v. Williams, 9 Cir., 101 F. 943. After the date of closing, deposits whether savings or demand, should bear interest at the local statutory rate on judgments. Cronkleton v. Ebmeier, supra; Elliott v. First Inland National Bank of Pendleton, supra.

■ In Richmond v. Irons, supra, the Supreme Court held that the act of going into liquidation dispenses with the necessity of any demand on the part of the creditors, and it follows that interest should be computed upon the amounts then due as against the shareholders to the time of payment. The weight of authority is that interest is due and payable for the period of conservatorship. See Stein v. Delano, 3 Cir., 121 F.2d 975. In Ticonic National Bank v. Sprague, 303 U.S. 406, 58 S.Ct. 612, 82 L. Ed. 926, the court said that as an incident to the right to recover an unexpended balance in a deposit, a depositor is entitled to interest as damages for the failure to pay that balance upon demand. That interest after suspension is paid as damages or as compensation for the withholding of money due has ample support in the authorities. The recent case of Federal Deposit Insurance Corporation v. Falk, 245 Wis. 245, 14 N.W.2d 3, is directly in point and reflects the prevailing view as gathered from the reported cases. See also Bates v. Farmers Savings Bank, 231 Iowa 1151, 3 N.W.2d 517.

■ That the depositors of the United States Savings Bank are entitled to interest is res judicata. In United States Savings Bank v. Morgenthau, supra [66 App. D.C. 234, 85 F.2d 815], the court said, "it is plain * * * that no part of the assets of the Bank may be turned over by the receiver to the stockholders until after both the principal of the debts and the interest thereon are fully paid".

■ Defendant Cooper advances the argument that the law of West Virginia is controlling and that under such law no interest is allowable to depositors. The court thinks such position is untenable in view of the announcement in United States Savings Bank v. Morgenthau, supra. It seems clear that the bank is being liquidated under the laws of the District of Columbia, § 26—101 of the 1940 D.C.Code, and the applicable provisions of the National Bank Act. In Hoffman v. Unger, 125 W.Va. 501, 24 S.E. 2d 911, after 100% had been paid to depositors, the court awarded the remaining surplus to depositors as interest on their claims, in opposition to the demands of the stockholders. The court in that case relied on Richmond v. Irons, supra, and Stein v. Delano, supra. The court held that interest after suspension forms a part of the obligations of the bank.

■ It is the contention of defendant Cooper that if any interest is payable it must be limited at most to savings account depositors at the rate of 3% per annum with no interest for commercial depositors. In support of this proposition he relies on § 28—2707 of the 1940 D.C.Code, providing that a judgment in the District Court for a liquidated debt on which interest is payable by contract or by law or usage, "shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid". This position is manifestly unsound. It disregards § 28—2701 of the 1940 D.C.Code which fixes the statutory or legal rate of interest upon the loan or forbearance of money at 6% per annum, in the absence of "express contract as to such rate". The proposition is made in disregard of the fact that suspension obviates the necessity for demand and that the debt became fixed and due as of the date of suspension and that no contract purports to fix the rate of interest as damages for withholding the deposits after they became due by reason of the suspension of the bank's business. For the default or forbearance in the payment of depositors' claims interest is awarded as damages and the rate is fixed by § 28—2701 of the 1940 D.C.Code. Clearly the suspension of the bank in 1933 constituted an actual and unqualified "forbearance of the claims of all depositors". See Richards v. Bippus, 18 App.D.C. 293. It may be noted that inter-

est at the rate of 6% per annum has been paid depositors after suspension in the liquidation of the following insolvent banks in the District of Columbia since the bank moratorium of March 6, 1933: Chevy Chase Savings Bank; District National Bank; Northeast Savings Bank; Seventh Street Savings Bank and Washington Savings Bank.

Upon a consideration of the undisputed facts and the controlling principles of law it is apparent that defendant Cooper must fail as to all contentions raised by his substituted counterclaim. His motion for summary judgment is therefore overruled and the motion of plaintiff for summary judgment is sustained. Counsel for plaintiff will present appropriate orders.